# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

HASTINGS MUTUAL INSURANCE
COMPANY,

        Plaintiff-Appellee,

v

GRANGE INSURANCE COMPANY OF
MICHIGAN,

        Defendant-Appellant.

FOR PUBLICATION
May 16, 2017
9:15 a.m.

No. 331612
Berrien Circuit Court
LC No. 14-000258-NF

---

HASTINGS MUTUAL INSURANCE
COMPANY,

        Plaintiff-Appellant,

v

GRANGE INSURANCE COMPANY OF
MICHIGAN,

        Defendant-Appellee.

No. 333193
Berrien Circuit Court
LC No. 14-000258-NF

---

Before: MARKEY, P.J., and MURPHY and METER, JJ.

MURPHY, J.

In Docket No. 331612, defendant Grange Insurance Company of Michigan (Grange) appeals by right the trial court's order denying its motion for summary disposition and granting summary disposition in favor of plaintiff, Hastings Mutual Insurance Company (Hastings). In Docket No. 333193, Hastings appeals by right the trial court's order denying its motion for attorney fees. We affirm.

This case arises out of a fire that occurred on April 15, 2014, in a barn owned by Williams Farms, LLC, a family-operated farm that grows a variety of vegetables. Ryan Keath, a salaried employee of Williams Farms, regularly used the barn and its equipment to provide repairs and maintenance to the farm's vehicles, as well as to the vehicles of family members.

-1-

Keath was repairing his sister's motor vehicle when the fire began. The fire ultimately destroyed the barn and all of its contents. Hastings, the insurer of Williams Farms's real and personal property, paid Williams Farms $699,134 in insurance benefits to cover the loss. Hastings later filed a claim as subrogee for property protection benefits in the same amount from Grange, the no-fault insurer of the vehicle involved in the fire. Grange denied the claim by Hastings in August 2014, and Hastings subsequently filed suit against Grange.

Both parties filed motions for summary disposition under MCR 2.116(C)(10). The trial court granted summary disposition in favor of Hastings, finding that the no-fault act, MCL 500.3101 *et seq.*, rendered Grange liable for the property damage. The trial court specifically ruled that MCL 500.3121(1) did not relieve Grange of liability, given that Williams Farms was a farm and was not in the business of repairing, servicing, or maintaining motor vehicles. Accordingly, the trial court granted Hastings' motion for summary disposition and denied Grange's competing motion.

On appeal, Grange argues that the trial court improperly granted Hastings' motion for summary disposition because Williams Farms was in the business of repairing, servicing, or maintaining motor vehicles for purposes of MCL 500.3121(1) and, therefore, the statute operated to exclude Grange from liability for the property damage. We disagree.

This Court reviews de novo a ruling on a motion for summary disposition, as well as issues of statutory construction. *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012). With respect to a motion for summary disposition brought pursuant to MCR 2.116(C)(10), this Court in *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013), set forth the governing principles, stating:

> In general, MCR 2.116(C)(10) provides for summary disposition when there is no genuine issue regarding any material fact and the moving party is entitled to judgment or partial judgment as a matter of law. A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). A court may only consider substantively admissible evidence actually proffered relative to a motion for summary disposition under MCR 2.116(C)(10). [Citations and quotation marks omitted.]

With respect to the construction of MCL 500.3121 and statutes in general, our Supreme Court in *Whitman v City of Burton*, 493 Mich 303, 311-312; 831 NW2d 223 (2013), observed:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to discern and give effect to the

intent of the Legislature. To do so, we begin by examining the most reliable evidence of that intent, the language of the statute itself. If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted. Effect should be given to every phrase, clause, and word in the statute and, whenever possible, no word should be treated as surplusage or rendered nugatory. Only when an ambiguity exists in the language of the statute is it proper for a court to go beyond the statutory text to ascertain legislative intent. [Citations omitted.]

"The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, *property protection insurance*, and residual liability insurance."  MCL 500.3101(1) (emphasis added). MCL 500.3121(1) provides:

> Under property protection insurance an insurer is liable to pay benefits for accidental damage to tangible property arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle subject to the provisions of this section and sections 3123, 3125, and 3127. *However, accidental damage to tangible property does not include accidental damage to tangible property, other than the insured motor vehicle, that occurs within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles.* [Emphasis added.]

In the present case, the parties dispute whether vehicle repairs performed by a salaried employee of Williams Farms, a business whose primary purpose is farming, qualifies under the course-of-business exception in MCL 500.3121(1).  Our Supreme Court has ruled that a "business" encompasses a person engaged in a service, activity, or enterprise for benefit, gain, advantage, or livelihood.  *Terrien v Zwit*, 467 Mich 56, 64; 648 NW2d 602 (2002), quoting *Random House Webster's College Dictionary* (1991) and *Black's Law Dictionary* (6th ed); see also *Allied Prop & Cas Ins Co v Pioneer State Mut Ins Co*, 272 Mich App 444, 450; 726 NW2d 83 (2006) (a business is a commercial enterprise or establishment).  "Course of business" is defined as "[t]he normal routine in managing a trade or business." *Black's Law Dictionary* (10th ed).

Using these definitions, it becomes clear that MCL 500.3121(1)'s exception is meant to exclude property damage where the purpose of the business in question is to provide maintenance and repair services for motor vehicles—and not meant to cover just *any* business that peripherally participates in these activities or any person that performs these activities. Although Williams Farms undoubtedly benefits from having vehicle repairs done in-house, its enterprise for gain, advantage, and livelihood is focused on farming, not the repair, maintenance, and servicing of vehicles.  Williams Farms is a farming business, not an automotive-repair business.  Therefore, Williams Farms is not in the "business of repairing, servicing, or otherwise maintaining motor vehicles."  MCL 500.3121(1).  Had the Legislature intended MCL 500.3121(1) to exclude repairing, servicing, or maintaining motor vehicles in any business environment, the Legislature could have chosen alternate language.  Instead, the Legislature crafted MCL 500.3121(1) so that the prepositional phrase of "of repairing, servicing, or otherwise maintaining motor vehicles" modifies "a business."

This conclusion is supported by this Court's decision in *Allied Prop*, 272 Mich App 444, wherein this Court held that a no-fault insurer was not liable when property damage resulted from a fire caused by an unlicensed mechanic operating out of his father's home garage. This Court stated that the purpose of MCL 500.3121(1)'s exception is "to exempt no-fault carriers from liability for property damage that occurs within the course of a vehicle-repair business[.]" *Id.* at 449. This Court determined that the large amount of equipment in the garage, the equipment's $30,000 value, the existence of regular customers, the charging of fixed prices for jobs, and the income received from the services performed demonstrated that the mechanic's work was performed in the course of a vehicle-repair business. *Id.* at 451.

In sum, MCL 500.3121(1)'s exception applies only to vehicle-repair businesses, which Williams Farms is not. Williams Farms primary business enterprise is farming and, although Keath performs services for the farm's benefit with tools provided by the farm, there are no regular outside customers or a fixed price list that would indicate that the farm also operates a vehicle-repair business. Accordingly, MCL 500.3121(1) does not exclude Grange from liability for the damage, and the trial court properly rejected Grange's motion for summary disposition and soundly awarded summary disposition to Hastings.

Following the trial court's grant of summary disposition, Hastings moved for attorney fees in accordance with MCL 500.3148(1) based on Grange's allegedly unreasonable denial of Hastings' claim for property protection benefits. The trial court denied the motion, ruling that Grange's denial of the claim was not unreasonable because Grange reasonably believed that it was relieved of liability under MCL 500.3121(1).

On appeal, Hastings argues that the trial court erred in denying its motion for attorney fees because Grange's rejection of the claim was unreasonable. MCL 500.3148(1) provides as follows:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

In *Ross v Auto Club Group*, 481 Mich 1, 7; 748 NW2d 552 (2008), the Court explained the standards of review associated with a ruling under MCL 500.3148(1), stating:

> The no-fault act provides for attorney fees when an insurance carrier unreasonably withholds benefits. The trial court's decision about whether the insurer acted reasonably involves a mixed question of law and fact. What constitutes reasonableness is a question of law, but whether the defendant's denial of benefits is reasonable under the particular facts of the case is a question of fact.

> Whereas questions of law are reviewed de novo, a trial court's findings of fact are reviewed for clear error. A decision is clearly erroneous when the reviewing court is left with a definite and firm conviction that a mistake has been made. [Citations and quotation marks omitted.]

In *Attard v Citizens Ins Co of America*, 237 Mich App 311, 317; 602 NW2d 633 (1999), this Court examined MCL 500.3148(1):

> When determining whether attorney fees are warranted for an insurer's delay to make payments under the no-fault act, a delay is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty. When an insurer refuses to make or delays in making payment, a rebuttable presumption arises that places the burden on the insurer to justify the refusal or delay. [Citations omitted.]

A no-fault insurer may have reasonably delayed or refused to pay a claim even where it is later determined that the insurer is required to pay the benefits. *Moore v Secura Ins*, 482 Mich 507, 525; 759 NW2d 833 (2008).

Grange, relying on the opinion of its counsel as well as the opinion of outside counsel, believed that it was excluded from liability under MCL 500.3121(1), and thus denied the claim for property protection benefits. Although we hold that Grange is not excluded from liability under MCL 500.3121(1), this does not necessarily mean, as noted in *Moore*, that Grange acted unreasonably in refusing to pay Hastings' claim. Although we believe it to be a close call, given the dearth of pertinent caselaw construing MCL 500.3121(1) and the factual circumstances of the case, we conclude that there existed "a legitimate question of statutory construction." *Attard*, 237 Mich App at 317. Accordingly, we affirm the trial court's ruling on the issue.[1]

Affirmed. Neither party having fully prevailed on appeal, we decline to award taxable costs under MCR 7.219.

/s/ William B. Murphy
/s/ Jane E. Markey
/s/ Patrick M. Meter

---

[1] Given our holding, we need not address other arguments presented by Grange, such as its assertion that Hastings, as a matter of law, was not entitled to attorney fees under MCL 500.3148(1) considering its status as a "subrogee."